UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDEEP SINGH, | No. 2:23-cv-01379-TLN-CSK |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| AUTOZONE PARTS, INC., et al., | |
| Defendants. | |

On July 12, 2023, Plaintiff Amandeep Singh initiated this action against Defendant Rauch-Milliken International Inc. ("RMI"), Defendant AutoZone Parts, Inc.'s ("AutoZone"), and nine other Defendants.  On September 21, 2023, Plaintiff filed his First Amended Complaint ("FAC"), alleging the following four causes of action against RMI and AutoZone: (1) negligence; (2) intentional infliction of emotional distress ("IIED"); (3) negligent infliction of emotion distress ("NIED"); and (4) violation of 18 U.S.C. § 1962(c) ("RICO").  (ECF No. 43.)  From the FAC, it is unclear whether the Court has subject-matter jurisdiction over Plaintiff's state law claims against RMI and AutoZone for negligence, IIED, and NIED.  For the reasons set forth below, the Court ORDERS Plaintiff to show cause regarding the Court's subject-matter jurisdiction over Plaintiff's state law claims.

///

"In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005). Courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

In the instant case, it is undisputed that the Court has federal question jurisdiction over Plaintiff's RICO claim against RMI and AutoZone under 28 U.S.C. § 1331, but it is unclear whether the Court has subject-matter jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1332. The FAC generally alleges that "[t]he Court has jurisdiction under U.S.C. §§ 1331, 1332, 1337, and 1367, and 15 U.S.C. §1681." (ECF No. 43 at 2.) However, a party may only invoke the Court's diversity jurisdiction in a civil action "where the matter in controversy exceeds ... $75,000 ... and is between [c]itizens of different States." 28 U.S.C. § 1332(a)(1). Where subject-matter jurisdiction is based on 28 U.S.C. § 1332, complete diversity of citizenship is required. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In other words, a court lacks subject-matter jurisdiction "unless each defendant is a citizen of a different State from each plaintiff." *Id*.

Having reviewed the FAC, the Court finds Plaintiff has not sufficiently alleged the citizenship of RMI and AutoZone. To determine whether the Court has diversity jurisdiction over Plaintiff's state law claims against RMI and AutoZone, the Court needs to know the states of citizenship of RMI and AutoZone and whether they share common citizenship with Plaintiff.

Given the Court is unsure of whether it has subject-matter jurisdiction over Plaintiff's state law claims, the Court ORDERS Plaintiff to show cause as to why Plaintiff's state law claims should not be dismissed for lack of subject-matter jurisdiction, or in the alternative, why the Court should exercise supplemental jurisdiction over these claims if it lacks subject-matter jurisdiction. Plaintiff shall file a response no later than seven (7) days from the electronic filing date of this Order. Failure to respond will respond will result in dismissal of Plaintiff's state law claims for negligence, IIED, and NIED against RMI and AutoZone.

///

2

1          IT IS SO ORDERED.

2    Date: June 20, 2024

3

4

5                                    _____
                                     Troy L. Nunley
6                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    3